**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED: JUNE 6, 2008
08CV3294
JUDGE PALLMEYER
MAGISTRATE JUDGE ASHMAN
NF

| | |
|---|---|
| JOHN BAGNATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | 1:07-CV-00030-WLS* |
| ) | |
| PHOEBE PUTNEY HEALTH SYSTEM, ) | |
| INC., PHOEBE PUTNEY MEMORIAL ) | *   Action is pending in the United States |
| HOSPITAL, INC., JOEL WERNICK, ) |     District Court for the Middle District of |
| LANGLEY AND LEE, LLC, CARL ) |     Georgia |
| RICHARD LANGLEY, LARRY J. ) | |
| MCCORMICK AND ASSOCIATES, ) | Miscellaneous Action No. |
| LLC, LARRY J. MCCORMICK, WORK ) | |
| DYNAMICS, INC., STEPHEN B. ) | _____ |
| CHENOWETH, JOHN DOES NO. I ) | |
| THROUGH V, ABC CORPORATION, ) | |
| and XYZ CORPORATION, ) | |
| ) | |
| Defendants ) | |

**NON-PARTY DOROTHY PIROVANO AND CERTAIN DEFENDANTS' JOINT
MOTION TO QUASH THIRD-PARTY SUBPOENA ISSUED TO DOROTHY
PIRAVANO AND/OR MOTION FOR PROTECTIVE ORDER**

Dorothy Pirovano ("Pirovano") and Defendants Phoebe Putney Health System, Inc.,

Phoebe Putney Memorial Hospital, Inc., Joel Wernick, Langley & Lee, LLC and Carl Richard

Langley, ("Defendants"),[1] in the case pending in the Middle District of Georgia, and pursuant to

Fed. R. Civ. P. 26 and 45 hereby move to quash a Rule 45 subpoena issued to Pirovano and/or

enter a protective order as to the documents sought:

1.    The subpoena is unlimited in time and scope and seeks materials beyond the

scope of discovery and unrelated to the claims in the underlying lawsuit.

---

[1]  The remaining defendants, Larry J. McCormick, Larry J. McCormick Associates, LLC, Work
Dynamics, Inc., and Stephen B. Chenoweth are not parties to this motion as the documents subject to the
subpoena do not directly impact a right or privilege belonging to them.

2. Some of the materials sought by Plaintiff are protected by the attorney-client and/or work product doctrine.[2]

3. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 37.2, the Certification of Katherine Ventulett Hernacki, counsel for Defendants in the United States District Court for the Middle District of Georgia, is attached hereto as Exhibit A.

4. For the foregoing reasons, this Court should quash the subpoena or enter an appropriate protective order.

---

[2] The issue regarding privilege may be rendered moot by the Court's ruling on the scope of discovery. Therefore, Defendants request the Court first rule on the issue of the scope of discovery. If the Court agrees with Defendants, there will be no need to address the privilege issue as those documents will be outside the scope of discovery.

- 3 -

This 6th day of June, 2008.

           /s/ Harold C. Hirshman
**SONNENSCHEIN NATH & ROSENTHAL LLP**
233 South Wacker Drive
7800 Sears Tower
Chicago, IL  60606
Telephone:  (312) 8786-8000
Facsimile:  (312) 876-7934

Of Counsel:

**POWELL GOLDSTEIN LLP**
L. Lin Wood
Georgia Bar No.:  774588
Marlo Orlin Leach
Georgia Bar No.:  442216
Katherine Ventulett Hernacki
Georgia Bar No.:  727027
Paige Arden Stanley
Georgia Bar No.:  675135
Margaret M. Kane
Georgia Bar No.:  330531
One Atlantic Center
Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, GA  30309-3488
Telephone:     (404) 572-6600
Facsimile:     (404) 572-6999

           Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2008, the foregoing **NON-PARTY DOROTHY PIROVANO AND CERTAIN DEFENDANTS' JOINT MOTION TO QUASH THIRD-PARTY SUBPOENA ISSUED TO DOROTHY PIRAVANO AND/OR MOTION FOR PROTECTIVE ORDER** was served upon the following attorneys of record by First Class Mail:

Timothy J. Buckley, III
Buckley Brown PC
Suite 1010
2970 Clairmont Road, NE
Atlanta, GA  30329

Bryan A. Vroon
Vroon & Crongeyer LLP
Suite 1088
1718 Peachtree Street
Atlanta, GA  30309

Alfred N. Corriere
Vansant & Corriere, LLC
PO Box 347
Albany, GA  31702-0347

Ralph W. Powell, Jr.
Alex J. Kaplan
McCall Williams Wilmot & Powell LLC
Post Office Box 71747
Albany, GA  31708

Victor L. Moldovan
Phears and Moldovan
Suite 2050
The Lenox Building
3339 Peachtree Road
Atlanta, GA  30326

　　　　　　　　　　　　　　　　　　　　　/s/Harold C. Hirshman

14724632\V-1

```
08CV3294
JUDGE PALLMEYER
MAGISTRATE JUDGE ASHMAN
NF
```

# EXHIBIT

# A

## CERTIFICATION OF COUNSEL

Pursuant to Rule 26(c) and Local Rule 37.2 of the Federal Rules of Civil Procedure, I hereby certify that prior to filing this motion, I personally communicated with my adversary by telephone on May 23, 28, and 30, 2008, and in writing on May 29, 2008, and no agreement regarding relief could be reached. A true and correct copy of correspondence from Katherine Ventulett Hernacki to Alex Kaplan dated May 29, 2008 is attached hereto as Exhibit 1. Counsel for Defendants Lin Wood also communicated with my adversary in writing on June 5, 2008. A true and correct copy of correspondence from L. Lin Wood to Ralph Powell dated June 5, 2008 is attached hereto as Exhibit 2.

/s/ *Katherine Ventulett Hernacki*





Atlanta  ◦  Washington  ◦  Dallas

Resident in the Atlanta Office
KATHERINE VENTULETT HERNACKI, ESQ.
Direct Dial No.: (404) 572-6763
E-Mail Address: khernacki@pogolaw.com

May 29, 2008

**BY FACSIMILE – 229.888.3330**
 and
**BY EMAIL – (akaplan@mccallphillips.com)**

Alex J. Kaplan, Esq.
McCall Phillips Williams & Powell, LLC
1101 Valley Road
Albany, Georgia 31707

> Re:  *Bagnato v. Phoebe Putney Health System, et al.*
>       United States District Court for the Northern District of Georgia, Albany Division
>       Civil Action File No.: 1:07-CV-00030-WLS

Dear Alex:

I am writing in follow up to our conversations of May 23d and 28th, in which we attempted to resolve certain disputes that have arisen in regard to the subpoenas served on Charles Hayslett and Dorothy Pirovano.

In summary, we were not able to reach any agreements. In terms of time limitation, however, you stated that Plaintiffs would agree to seek only documents relating to the financial relationship between Mr. Hayslett and Phoebe and/or Ms. Pirovano and Phoebe prior to the date on which the first Factoid was transmitted, in or about September, 2003 or the date of the onset of the "not for profit" litigation, whichever came earlier. Defendants do not concede that such documents are discoverable within the context of this litigation, however, and will not agree to produce such documents at this time.

In terms of scope, you indicated that Plaintiff contends that other lawsuits, such as the "not-for-profit" litigation and the suit initiated by Phoebe against Charles Rehberg, as well as certain business matters, such as issues relating to Grove Pointe Indemnity, are within the scope of discovery in this case. You did not, however, provide a justification for such a position. As we discussed, Defendants' position is that discovery is limited in this case to the claims set forth in your client's complaint and the defenses set forth in the answer to that complaint. Issues beyond Phoebe's investigation of the authors of the anonymous Factoids and the criminal prosecution that resulted fall outside the scope of discovery in this case.

Defendants will proceed to file motions to quash and objections to the respective subpoenas on Friday, May 30, 2008. Additionally, non-objectionable documents will be produced at that time. As we discussed, Defendants are amenable to providing a privilege log regarding any discoverable documents that are being withheld on the basis of attorney client privilege or work product protection. Upon reflection, however, it appears that the scope of

Alex J. Kaplan, Esq.
May 29, 2008
Page 2 of 2

discovery with respect to the subpoenaed documents must first be determined before a privilege log needs to be produced. Specifically, a review of the documents reveals that few, if any, documents will be withheld on the basis of privilege or other protection, if Defendants' are correct that only documents related to the claims and defenses in the lawsuit are discoverable. If, on the other hand, a court determines that the scope of discovery is more broad, Defendants will provide a privilege log listing any documents responsive to the subpoena and consistent with the court's order that are being withheld on the basis of privilege.

Please feel free to contact me to discuss these issues further.

Sincerely,

Katherine Ventulett Hernacki
For POWELL GOLDSTEIN LLP

KVH/b
cc: Mark S. Marani, Esq. (By Fax)
John H. Parker, Jr. (By Fax)

5128797





Atlanta · Washington · Dallas

Resident in the Atlanta Office
L. LIN WOOD, ESQ.
Direct Dial No.: (404) 572-6633
E-Mail Address: llwood@pogolaw.com

June 5, 2008

**BY FACSIMILE – 229.888.3330**
  and
**BY EMAIL** – (rpowell@mccallphillips.com)

Ralph W. Powell, Jr., Esq.
McCall Phillips Williams & Powell, LLC
1101 Valley Road
Albany, Georgia 31707

      Re:   *Bagnato v. Phoebe Putney Health System, et al.*
             United States District Court for the Northern District of Georgia, Albany Division
             Civil Action File No.: 1:07-CV-00030-WLS

Dear Ralph:

    I am writing in regard to recent discussions between you and Katherine Hernacki in which you sought to confirm Defendants' position that certain matters are not related to the claims in this case and therefore not subject to discovery. This letter is in furtherance of our efforts to resolve a discovery dispute that has arisen in connection with your subpoenas served on Charles Hayslett and Dorothy Pirovano.

    As Katherine discussed with you, Defendants do not believe that the truth or falsity of the Factoids are at issue in this case. The sole focus of each of the enumerated claims in Mr. Bagnato's complaint regards Phoebe's efforts to discover the identity of the Factoids' anonymous author. Likewise, Defendants have not placed the veracity of the Factoids in issue, as no counterclaims for defamation have been filed. Therefore, the substance of the Factoids, i.e., their truth or falsity, is irrelevant to this case. For the same reasons, other matters such as the Not For Profit Litigation and Grove Pointe Indemnity also are not related to the issues in this case, and therefore not discoverable. While Mr. Bagnato's *relationship* with these efforts is discoverable as it evidences his involvement in an anti-Phoebe campaign, motives as they relate to Phoebe, and his claim for damages, the substance of these issues is in no way related to the claims in this case.

    In a related issue, Ms. Hernacki informed me that Alex Kaplan of your office referred to certain documents in your possession which may be protected by the attorney client privilege and work product doctrines. In discussing disputes that have arisen over the subpoenas served on Dorothy Pirovano and Charles Hayslett, Ms. Hernacki reiterated Defendants' position that, although we believe that few, if any, of the documents in Ms. Pirovano's or Mr. Hayslett's possession are within the scope of discovery in this case, many of the documents are subject to the attorney client privilege and work product protection. Mr. Kaplan stated that he believed that Defendants may have already produced certain documents that would fall within this category. We are currently looking into this issue and appreciate your candor in informing us of

Ralph W. Powell, Jr., Esq.
June 5, 2008
Page 2 of 2

this possibility. In the event that an inadvertent disclosure has been made, I trust that you will cooperate with us in returning any protected materials.

   Please feel free to contact me to discuss these issues further.

                                              Sincerely,



                                              L. Lin Wood

LLW/b
5141142